By the Court.
 

 The three foregoing eases present similar features, and were heard together. Each of them is an action in mandamus instituted in this court, seeking an order compelling the superintendent of hanks to pay to the several relators certain specific amounts which are claimed by the relators, as resulting from trust funds deposited with each individual bank, and later commingled with its general assets. In each case, the petition alleges that the relator had no adequate remedy at law. For the purpose of this decision, it is not necessary to allude to the facts contained in the several petitions; each of them sets forth a state of facts by which the relator seeks to establish a preference for his claim out of the cash and other assets of the bank, prior to the claims of general depositors.
 

 The statute, Section 12287, General Code, provides that “The writ [mandamus] must not be issued in a case where there is a plain and adequate .remedy in the ordinary course of the law.”
 

 Has such a remedy been provided? Section 710-89
 
 et seq.,
 
 General Code, provide a procedure for the adjustment of claims of creditors, and the liquidation of the banks by the superintendent of banks.
 

 Section 710-90, General Code, provides that the superintendent of banks shall give notice to all persons who have claims against the bank to make legal proof thereof within a specified time.
 

 Section 710-92, General Code, stipulates that the superintendent of banks may reject claims, the jus
 
 *362
 
 tice or validity of which he doubts, and that an action upon a claim rejected must be brought within a time specified; and Section 710-99, General Code, provides that objection to any claim not rejected by the superintendent of banks may be made by a party interested, and provides for a hearing upon such objection before the common pleas court of the county in which the bank is located.
 

 These and other sections of the Code applying to such superintendent in possession of banks for liquidation furnish an adequate method of procedure for the determination and adjustment of claims against such banks. While the bank cash and other assets in the possession of the superintendent may be presently sufficient to pay these particular preferred claims, if they should be found to be preferred, in justice to those who may hereafter present preferential claims this court is of the opinion that the more orderly method of procedure should require the claimants to employ the legal remedies provided by statute, and await future contingencies which might arise where like claims are presented, and thus avoid a situation which might possibly give preference to some preferred creditors over others similarly situated.
 

 Without passing upon the merits of the controversy presented in the various pleadings, it is the opinion of the court that under the circumstances mandamus should not issue. For the reasons stated the writs asked for by the several relators will be denied.
 

 Writs denied.
 

 Marshall, C. J., Jones, Matthias, Day, Allan and Robinson, JJ., concur.
 

 Kinkale, J., not participating.