By the Court.
 

 This is a proceeding to reverse the order of the Public Utilities Commission, wherein it dismissed the application of the city of Cleveland for an emergency order prescribing temporary rates and charges for natural gas on the ground of want of jurisdiction.
 

 The only question submitted is whether under the facts disclosed by the record, and under the situation thereby presented, the Public Utilities Commission had jurisdiction to fix and prescribe temporary rates and charges to be followed by the East Ohio Gas Company for the furnishing of service in the city of Cleveland.
 

 The finding of the Public Utilities Commission was that under the proceeding there pending it did not have such jurisdiction, and upon that ground it denied the application.
 

 The record discloses that the East Ohio Gas Company had filed with the Public Utilities Commission, under authority of Section 614-44, General Code, an appeal from an ordinance theretofore passed by the
 
 *92
 
 council of the city of Cleveland under the provisions of Sections 3982 and 3983, General Code, fixing and prescribing the rates and charges for gas service in the city of Cleveland for a period of five years. It is further disclosed by the record that the East Ohio Gas Company, pursuant to the provisions of Section 614-45, General Code, had elected to charge during the pend-ency of the proceeding rates and charges in accordance with the schedule for such service in effect immediately prior to the effective date of the ordinance challenged. In accordance with the provisions of such statute, the gas company furnished and the Public Utilities Commission approved, its bond. Thereafter preparations were advanced for the full presentation, hearing and determination of the questions in issue in such proceeding. Subsequently the city of Cleveland, by its application to the Public Utilities Commission, sought to have it act under the provisions of Section 614-32, General Code, which is as follows:
 

 “The commission shall have power, when deemed by it necessary to prevent injury to the business or interests of the public or any public utility of this state in case of any emergency to be judged by the commission, to temporarily alter, amend, or with the consent of the public utility concerned suspend any existing rates, schedules or order relating to or affecting any public utility or part of any public utility in this state. Such rates so made by the commission shall apply to one or more of the public utilities in this state, or to any portion thereof as may be directed by the commission, and shall take effect at such time and remain in force for such length of time as may be prescribed by the commission.”
 

 The applicant sought to have an emergency adjudged by the commission and a temporary emergency rate for natural gas established in the city of Cleveland. We find ourselves in accord with the Public Utilities Commission. Sections 614-44, 614-45, 614-46 and 614-47, General Code, are a part of the chapter creating the
 
 *93
 
 Public Utilities Commission, and those sections definitely and specifically fix and prescribe the duties and authority of the Public Utilities Commission in any proceeding where there is an appeal from rates fixed by ordinance, and that is the situation here presented.
 

 Under the provisions of Section 614-45, General Code, the appeal to the commission does not suspend, vacate or set aside the rates fixed by the ordinance unless the public utility elects to charge the rate in effect immediately prior to the taking effect of such ordinance, and gives an undertaking in such amount as is determined by the commission, as therein provided. If these requirements be met by the utility, the statute definitely prescribes the previous rate as the interim rate, and that, too, without regard to the manner in which the former rate was ascertained or determined. Therefore the rate to be charged and collected pending the proceeding on appeal is not fixed by the commission but is prescribed by the specific terms of the statute itself. It is extremely doubtful if the interim charge authorized by Section 614-45, General Code, can be regarded as “existing rates, schedules or order,” so that in any event it could fall under Section 614-32, General Code.
 

 Furthermore, Section 614-47, General Code, by its express provisions, fixes, prescribes and limits the jurisdiction and action of the Public Utilities Commission when an appeal has been taken from an ordinance rate to the procedure set forth by Sections 614-44, 614-45 and 614-46, General Code. We are therefore of the opinion that the commission was without jurisdiction to proceed under' Section 614-32, General Code. Its order is therefore affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Matthias, Day and Stephenson, JJ., concur.
 

 Allen, J., dissents.
 

 Jones, J., not participating.