By the Court.
 

 The Court of Appeals was correct in indorsing the rule laid down in the case of
 
 State, ex rel. Toledo Theatres & Realty Co.,
 
 v.
 
 Fulton, Supt. of Banks,
 
 124 Ohio St., 360, 178 N. E., 585. The whole question here is whether or not plaintiffs below were entitled to a preference over general creditors, upon the statement of facts contained in the pleadings.
 

 The question is between the general depositors of the Ohio Savings Bank &i Trust Company and the defendants in error.
 

 The general depositors in effect claim that the bank in question was merely a collector of rents, and that the rental money, notwithstanding it may have been attempted to stamp it with the sanctity of a trust fund, was as a matter of fact, under Section 710-165, General Code, as construed in the case of
 
 McDonald, Admr.,
 
 v.
 
 Fulton, Supt. of Banks,
 
 125 Ohio St., 507, 182 N. E., 504, and kindred sections, nothing more nor less than a part of the commercial or general fund of the bank.
 

 It is pleaded in effect in the answer of the superintendent of banks that “on or about July 31, 1931, the lessees executed and delivered to the Trust Depart
 
 *80
 
 ment of Trustee, its check drawn against its commercial account with the bank for the sum of $4,500.00 as rental and the bank charged the check to lessees’ commercial account, there being at the time sufficient funds in such account to honor said check, and credited the amount to the Trust Department and mailed the payees their respective checks, and before the checks reached the bank in regular course for presentation, the bank had been taken over by the superintendent of banks for liquidation. ’ ’
 

 This trust had no
 
 corpus
 
 or
 
 res
 
 other than the check given by lessees on its commercial account, the commercial account was charged with it and it was credited to the trust account. The moneys were now ready for distribution and it was attempted to distribute them. This could only be done by two ways, by paying the cash from the trust account, and, .as a matter of good business, taking a receipt therefor, or by drawing checks in favor of the payees against the commercial account.
 

 A trust is a creature of equity. It has a body or
 
 corpus.
 
 You can derive proceeds from a trust fund, but there must be a
 
 corpus
 
 to produce it. If it is nonproductive, and there is a proper charge against it, then so much of the
 
 corpus
 
 must be taken as will respond to the charge. If there is no
 
 corpus,
 
 there is no trust.
 

 We see no distinction between this case and the case of
 
 McDonald, Admr.,
 
 v.
 
 Fulton, Supt. of Banks, supra,
 
 and on the authority of that case this cause is reversed.
 

 Judgment reversed.
 

 Allen, Stephenson, Bevis and Matthias, JJ., concur.