Gorman, J.
 

 Section 614-44, General Code, reads in part as follows:
 

 “Any municipal corporation in which any public utility is established may, by ordinance, at any time within one year before the expiration of any contract entered into under the provisions of Sections 3644, 3982, and 3983, of the General Code, between the municipality and such public utility with respect to the rate, price, charge, toll, or rental to be made, charged, demanded, collected, or exacted, for any commodity, utility or service by such public utility,
 
 or at any other time authorized by law
 
 proceed to fix the price, rate, charge, toll or rental that such public utility may charge, demand, exact or collect therefor for an ensuing period as provided in Sections 3644, 3982 and 3983 of the General Code.” (Italics' ours.)
 

 The city of Norwalk did not adopt a rate ordinance within one year prior to the expiration of the ordinance which terminated May 31, 1936. No ordinance was therefore in effect on December 18,1936, when The Ohio Fuel Gas Company filed its application for a modification and increase of its rates pursuant to the provisions of Section 614-20, General Code. Did the filing of this application preclude the city of Norwalk from thereafter adopting an ordinance fixing rates ?
 

 Prior to the passage of the act creating the Public Service Commission (102 Ohio Laws, 549), and its successor, The Public Utilities Commission (103 Ohio Laws, 804
 
 et seq.),
 
 municipalities had the power to
 
 *338
 
 adopt a schedule of rates for gas so long as there was not an effective ordinance in force.
 
 State, ex rel. Attorney General,
 
 v.
 
 Ironton Gas Co.,
 
 37 Ohio St., 45.
 

 Under the provisions of Section 614-44, General Code, an appeal from the provisions of an ordinance can be made to the Public Utilities Commission, or, in event there is no ordinance adopted, a company may file, under Section 614-20, General Code, an application with the commission to increase its rates.
 

 However, by the provisions of Section 614-44, General Code, a municipality is given not only the power to fix_ rates “at any time within one year before the expiration of any contract” but also “at any other time authorized by law. ’ ’ Section 3982, General Code, specifically authorizes a municipality to “regulate from
 
 time to time
 
 the price which such companies may charge for electric light, or for gas' for lighting or fuel purposes.” (Italics ours.)
 

 While a company under the provisions of Section 614-20', General Code, is given the right to apply for an increase in rates when an ordinance has not been adopted, nothing in the statutes makes that application an exclusive method of rate determination or prevents the city from exercising powers specifically granted to it under the provisions' of Sections 3644, 3982 and 3983, General Code.
 

 These powers of the municipality are subject only to review by appeal to the Public Utilities Commission in event the company does not accept the ordi: nance, and by the right of referendum existing in the people. See
 
 City of Washington
 
 v.
 
 Public Utilities Commission,
 
 99 Ohio St., 70, 72, 73, 124 N. E., 46;
 
 Mutual Electric Co.
 
 v.
 
 Village of Pomeroy,
 
 99 Ohio St., 75, 84, 85, 124 N. E., 58;
 
 Ohio River Power Co.
 
 v.
 
 City of Steubenville,
 
 99 Ohio St., 421, 426, 124 N. E., 246;
 
 Ohio Water Service Co.
 
 v.
 
 City of Washington,
 
 131 Ohio St., 459, 464, 3 N. E. (2d), 422.
 
 *339
 
 The Public Utilities Commission has heretofore uniformly followed and applied this holding. See
 
 Appeal of Dayton Light & Power Co.
 
 (1923), Annual Report of Public Utilities Commission, pp. 61-62; 33 Ohio Jurisprudence, 593.
 

 Consequently, the application by The Ohio Fuel Gas Company on December 18,1936, to the Public Utilities Commission did not deprive the city of Norwalk of its right, under the provisions of Sections 3644, 3982 and 3983, General Code, to adopt an ordinance on January 5,1937. The orders of the commission of July 14,1937, and August 31,1937, holding that the city did not have this power were unreasonable and unlawful. The orders are therefore reversed and the matter remanded for further proceedings under the appeal filed by the company on March 4, 1937, to the ordinance adopted by the city of Norwalk on January 5, 1937.
 

 Order reversed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.