The issue presented by the petition and the demurrers thereto is whether the Public Utilities Commission of Ohio is, by statute, vested with jurisdiction to hear appeals from municipal ordinances fixing the rate to be charged for a public utility commodity or service for periods of less than two years.
It is the contention of the city that under the provisions of Section 614-46, General Code, there is withheld from the commission all jurisdiction over appeals from ordinances fixing rates for less than a two-year period. The East Ohio Gas Company, on the other hand, contends that the commission has jurisdiction to review, on appeal, any rate-making ordinance which the city is authorized to pass. *Page 433 
With respect to the power of municipalities to enact public utility rate-making ordinances, we find, in Section 3982, General Code, the provision that: "The council of a municipality in which electric lighting companies, natural or artificial gas companies, gas light or coke companies, or companies for supplying water for public or private consumption, are established, or into which their wires, mains or pipes are conducted, may regulate from time to time the price which such companies may charge for electric light, or for gas for lighting or fuel purposes * * *. Such companies shall in no event charge more for electric light, natural or artificial gas, or water, furnished to such corporation or individuals, than the price specified by ordinance of council."
In Section 614-44, General Code, we find the provision that: "Any municipal corporation in which any public utility is established may, by ordinance, at any time within one year before the expiration of any contract entered into under the provisions of Section 3644, 3982 and 3983 of the General Code between the municipality and such public utility with request [respect] to the rate, price, charge, toll, or rental to be made, charged, demanded, collected, or exacted, for any commodity, utility or service by such public utility, or at any other time authorized by law proceed to fix the price, rate, charge, toll or rental that such public utility may charge, demand, exact or collect therefor for an ensuing period, as provided in Sections 3644, 3982 and 3983 of the General Code."
It will be observed that under the provisions of Section 3982, General Code, a municipal council is authorized to "regulate from time to time the price" which a public utility may charge for its commodity or service, and that under the provisions of Section 614-44, General Code, a municipal corporation is authorized, "at any time within one year before the expiration" of its public utility rate contract, to fix by ordinance the rate *Page 434 
to be charged "for an ensuing period." It must further be observed that the phrase "ensuing period" implies no minimum.
With respect to the authority of the Public Utilities Commission to hear complaints against such ordinances, we find that Section 614-44, General Code, further provides that "the commission, upon complaint in writing, of such public utilities, or upon complaint of one per centum of the electors of such municipal corporation, which complaints shall be filed within sixty days after the passage of such ordinance, shall give thirty days' notice of the filing and pendency of such complaint to the public utility and the mayor of such municipality, of the time and place of the hearing thereof, and which shall plainly state the matters and things complained of."
In other words, under the last-quoted provision, the commission is vested with authority, upon complaint, to review any rate-making ordinance which a municipality is empowered to pass.
Is this authority of the commission in any way limited or impaired by the provisions of Section 614-46, General Code? It is therein provided that "if the commission, after such hearing, shall be of the opinion that the rate, price, charge, toll or rental, so fixed by ordinance is or will be unjust or unreasonable, or insufficient to yield reasonable compensation for the service, the commission shall, * * * fix and determine the just and reasonable rate, price, charge, toll or rental to be charged, demanded, exacted or collected by such public utility, during the period so fixed by ordinance which shallnot be less than two years, and order the same substituted forthe rate, price, charge, toll or rental so fixed by ordinance
or the commission may find and declare that the rate, price, charge, toll or rental, so fixed by ordinance, is just and reasonable, and ratify and confirm the same." (Italics ours.)
The language "which shall not be less than two *Page 435 
years" requires construction. The city attributes to it the meaning that rate-fixing ordinances covering a period less than two years are withdrawn from the jurisdiction of the commission. The gas company contends that the above-quoted language, reasonably construed, must be held to mean merely that the order of the commission fixing a rate in substitution for that fixed by ordinance shall be effective for a period of not less than two years. We are inclined to the latter view. It cannot reasonably be said that the Legislature intended or even contemplated permitting a municipality to escape the jurisdiction of the commission by passing successive rate-fixing ordinances covering periods of less than two years. To hold otherwise would be to say that, by the mere employment of that device, not only are public utilities denied the right to appeal to the commission from such ordinances, but that the electors of the municipality concerned are likewise denied the right to appeal to the commission, notwithstanding the fact that an over-generous or indifferent council arbitrarily fixes rates which are too high. True, recourse could still be had to the courts to have such ordinances declared invalid. However, that would involve ever-recurring and expensive litigation emanating from the same community and involving the same subject-matter, and the rate would still remain unfixed, for it is not within the power of the courts to establish utility rates. These were among the very evils which the Legislature sought to eradicate by the original enactment of the Ohio Public Utilities Act. It cannot reasonably be said, therefore, that in the use of the disputed language the Legislature intended to restore them.
It is our opinion that the above-quoted language here in dispute merely means that if an appeal is prosecuted to the Public Utilities Commission from a rate-making ordinance, and if, upon such appeal, the commission finds the ordinance rates to be unjust and unreasonable *Page 436 
and fixes a rate which it deems to be just and reasonable, such rate, so fixed by the commission, shall be in effect for a period of not less than two years, notwithstanding the fact that the ordinance fixed a rate for a period less than two years.
The city further argues that the ordinances here involved were passed under the city's powers of home rule; that under the provisions of Section 3, Article XVIII of the Constitution, the exercise of these powers need not conform to the general law; and that since fixing the term of a rate ordinance falls within the powers of municipal self-government, therefore compliance with general law is not necessary.
Section 3, Article XVIII of the Constitution, provides that: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."
Regulation of public utility rates falls within the police powers of the state.
"It is not only conceded, but insisted by counsel for the city of Cleveland, that the authority to fix rates that may be charged for service rendered or commodity furnished by a public utility, is an exercise of police power.
"This is necessarily true. If it were not, then neither the city nor the state would have authority to fix such rates."Cleveland Telephone Co. v. City of Cleveland, 98 Ohio St. 358, at 360, 121 N.E. 701.
The state has not been divested of this power by the adoption of the constitutional home-rule provision. In vesting the Public Utilities Commission with appellate jurisdiction over rate-making ordinances, the Public Utilities Act in no manner infringes upon or interferes with municipal home rule.
We hold that, under the Public Utilities Act of Ohio, the Public Utilities Commission has jurisdiction over complaints and appeals from municipal ordinances fixing *Page 437 
rates of public utility service though for periods less than two years.
Demurrers to petition sustained and writ denied.
WEYGANDT, C.J., DAY, ZIMMERMAN, TURNER, WILLIAMS, MATTHIAS and HART, JJ., concur.