Newman, Appellee, *v.* The East Ohio Gas Co., Appellant; et al., Appellee.

(No. 3875—Decided October 24, 1947.)

*Messrs. Brouse, McDowell, May, Bierce & Wortman,* for appellee Robert S. Newman.

*Messrs. Buckingham, Doolittle & Burroughs* and *Messrs. Jones, Day, Cockley & Reavis,* for appellant.

*Mr. Roy E. Browne,* director of law, for appellee city of Akron.

Stevens, J. Robert S. Newman is an inhabitant of the city of Akron, Ohio.

On December 3, 1946, the council of the city of Akron passed an ordinance granting to The East Ohio Gas Company the right to occupy "the streets, alleys, public grounds and public places of the city for the transportation and supply of natural gas to the city and its inhabitants and the transportation thereof in and through the said city" up to and including November 15, 1950.

Section 3 of the ordinance stated that in the event of a shortage of gas, "preference shall be given to that class of users known as (1) residential, (2) commercial, (3) industrial."

Section 4 of said ordinance provides that "said company shall extend its pipes and mains for the furnishing of natural gas to and upon any dedicated street within the limits of the city, and shall supply natural gas thereon, whenever at least one customer on an average of each additional one hundred (100) feet of pipe in the street or streets in which the extension is to be run shall first agree in writing to take a supply of gas at the then established rate."

On December 16, 1946, this ordinance was accepted in writing by The East Ohio Gas Company, whereupon the ordinance in all of its provisions became a valid contract between the city of Akron and The East Ohio Gas Company, subject to the provisions of Article XVIII of the Ohio Constitution; and on January 2, 1947, that contract became legally operative.

On February 6, 1947, The East Ohio Gas Company filed emergency rule 26, which had been adopted by it, with the Public Utilities Commission of Ohio; which rule became effective upon the filing and approval thereof by the commission.

On April 11, 1947, rule 26 was amended to its present form by The East Ohio Gas Company, and said rule, as amended, was approved by the Public Utilities Commission.

Rule 26, as amended, provides:

"A. From April 1, 1947, until this emergency rule is amended or cancelled, the company will not supply gas to gas heating equipment intended to replace equipment using other fuel.

"B. In special medical hardship cases, supported by the filing of all necessary evidence satisfactory to the company, paragraph 'A' may be modified."

On March 27, 1947, and with full knowledge of the existence of rule 26, the plaintiff, Robert S. Newman, installed a conversion burner in order to burn gas in his furnace, where he formerly had used coal.

On April 2, 1947, Newman was notified by The East Ohio Gas Company that, unless he removed the conversion burner, or qualified as a medical hardship case within rule 26, the company would discontinue all service to him.

Newman's suit seeking a permanent injunction followed.

Trial in the Court of Common Pleas resulted in the issuance of a permanent injunction by that court. Whereupon this appeal on questions of law was perfected.

The question presented for determination in this action is this:

Where a municipality has passed an ordinance governing the various rights, duties and responsibilities of the municipality and of a public utility (gas company) for the furnishing to the municipality and its inhabitants of the product of the utility, and the utility has accepted in writing the proposal thus made, and there has not been and cannot be, by reason of lapse of time, a referendum thereon, may the Public Utilities Commission, by a regulation thereafter adopted by the utility, and approved by the commission, alter the contractual obligations of the parties to such contract?

As we view this situation, the answer to the foregoing question is contained in the decision of the Supreme Court of Ohio in *City of Akron* v. *Public Utilities Comm.*, 126 Ohio St., 333, 185 N. E., 415.

True, that was a rate case, but the general statement concerning the inviolability of a contract in all of its provisions makes it clear that the court was of

the opinion that, where the municipality and the utility had entered into a valid contract in writing, through the enactment of a franchise ordinance and its acceptance in writing by the utility, the commission was without power to alter that contract.

Here, that rule is fortified by the fact that rule 26 was enacted after the contract became effective; and to give said rule effect herein would result in its retroactive operation.

The *City of Akron* v. *Public Utilities Comm. case, supra,* has been followed and approved by the Supreme Court of Ohio as recently as *East Ohio Gas Co.* v. *Public Utilities Comm.,* 137 Ohio St., 225, at page 239, 28 N. E. (2d), 599.

Upon the basis of the foregoing authority, we are of the opinion that, in case of conflict between rule 26 and the franchise ordinance, the ordinance controls, and the commission is powerless to change the contract without the consent of the parties thereto.

On the subject of conflict between rule 26 and the franchise ordinance, the ordinance provides for the furnishing of gas to the inhabitants of the city of Akron, without discrimination, except, as provided in the ordinance, in case of shortage.

Rule 26 removes the right of certain inhabitants of Akron (those who have theretofore used fuel other than gas for heating) to use gas as a fuel for heating.

Such rule patently conflicts with the provisions of the franchise contract, which permits inhabitants of Akron who desire to do so, to use gas for heating without limitation, except in case of shortage, and in that event provides the order of their preferment.

We hold that rule 26, original, and as amended, even though approved by the Public Utilities Commission,

cannot alter vested rights under the franchise contract, and that plaintiff was clearly entitled to an injunction.

The judgment is affirmed.

*Judgment affirmed.*

DOYLE, P. J., and HUNSICKER, J., concur.