Hart, J.
 

 The question here made is whether, under the facts alleged in the petition, there is a clear legal duty imposed upon the Public Utilities Commission to set aside and expunge from its files the emergency rate order fixing interim gas rates for the city of Cincinnati pending appeals by The Cincinnati Gas & Electric Company from ordinances fixing gas rates in that city.
 

 It is clear that mandamus will not lie to set aside or expunge .an order of the commission unless the law specifically enjoins such action, cannot be invoked to control the discretion of the commission, and will not issue in. any case where there is a plain adequate remedy in the ordinary course of the law. Sections 12283, 12285 and 12287, General Code.
 
 State, ex rel. Kauffman,
 
 v.
 
 Industrial Commission,
 
 121 Ohio St., 472, 169 N. E., 572;
 
 State, ex rel. Toledo Theatres & Realty Co.,
 
 v.
 
 Fulton, Supt. of Banks,
 
 124 Ohio St., 360, 362, 178 N. E., 585;
 
 State, ex rel. Logan Gas Co.,
 
 v.
 
 Public Utilities Commission,
 
 114 Ohio St., 655, 151 N. E., 749;
 
 State, ex rel. Stanley,
 
 v.
 
 Cook, Supt. of Banks,
 
 146 Ohio St., 348, 66 N. E. (2d), 207, and cases therein cited.
 

 The petition does not set out facts showing the occasion or circumstances under which the order of the commission was made, or even a copy of the order itself. For all that appears in the petition, the commission may have acted under powers granted it under Section 614-32, General Code, which reads as follows:
 

 “The commission shall have power, when deemed by it necessary to prevent injury to the business or interests of the public or any public utility of this state in case of any emergency to be judged by the commission, to temporarily alter, amend, or with the consent
 
 *49
 
 of the public utility concerned suspend any existing rates, schedules or order relating to or affecting any public utility or part of any public utility in this state. Such rates so made by the commission shall apply to one or more of the public utilities in this state, or to any portion thereof as may be directed by the commission, and shall take effect at such time and remain in force for such length of time as may be prescribed by the commission.”
 

 This court has heretofore, on several occasions, had the scope and purpose of that section of the General Code under consideration.
 

 In the case of
 
 City of Akron
 
 v.
 
 Public Utilities Commission,
 
 126 Ohio St., 333, 336, 185 N. E., 415, this court made the following observation:
 

 “The city of Akron claims that the Public Utilities Commission has jurisdiction to grant this change in rate by virtue of Section 614-32, General Code * * *.
 

 “This is a direct grant of power and there is little question concerning the clarity and emphasis of this section. It will be conceded that the Public Utilities Commission ordinarily has the power, on proper hearing, to increase or reduce a rate in case of emergency
 
 m
 
 * # 5 j
 

 In the absence of allegations of fact in the petition showing that the commission acted under such circumstances as made its order illegal and unlawful, the petition, pleading only conclusions of law, was clearly demurrable on that ground.
 

 In the opinion of this court the order of the commission was a final order affecting a substantial right, even though it be designated or described as an emergency or interim order. Since it was a final order, a remedy in due course of law is provided by Section 544, General Code, which reads as follows:
 

 “A final order made by the commission shall be reversed, vacated or modified by the Supreme Court on appeal, if upon consideration of the record such court
 
 *50
 
 is of the opinion that such order was unlawful or unreasonable.”
 

 The commission, being- authorized to make an interim order providing for emergency rates under certain circumstances, the order in th,e instant case may be reviewed on appeal. Mandamus will not lie. The demurrer to relator’s petition is sustained and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias and Zimmerman, JJ., concur.
 

 Turner, Sohngen and Stewart, JJ., not participating.