Zimmerman, J.
 

 Stated in its simplest terms, the sole question now before this court for decision is: Did the commission have the jurisdiction and authority, in the situation confronting it, to promulgate an emergency order establishing interim gas rates x pending disposition of the appeals by the company from the rates prescribed by the ordinances referred to above?
 

 Section 614-32, General Code, under which the commission acted, is in the following language:
 

 "The commission shall have power, when deemed by it necessary to prevent injury to the business or interests of the public or any public utility of this state in case of an emergency to be judged by the commission, to temporarily alter, amend, or with the consent of the public utility concerned suspend any existing fates, schedules or order relating to or affecting any public utility or part of any public utility in this state. Such rates so made by the commissi on - shall apply to one ■ or more of the public utilities in this state, or to any portion thereof as may be directed by the commission, and shall take effect at such time and remain in force for such length of time as may be prescribed by the commission.”
 

 In challenging the validity of the commission’s emergency order, the city makes the basic contention that the commission has no jurisdiction with respect to
 
 *573
 
 utility rates established by ordinance, because of Section 614-47, General Code, which reads as follows:
 

 “This act [Public Utilities Act] shall not apply to any rate, fare or regulation now or hereafter prescribed by any municipal corporation granting a right, permission, authority or franchise, to use its streets, ■ alleys, avenues or public places, for street railway or street railroad purposes, or to any prices so fixed under .Sections 3644, 3982 and 3983 of the .General Code, except as provided in Sections 46, 47 and 48 [G. C. Secs. 614-44; 614-45 and 614-46] of this act.”
 

 Such statutes, argues the city, deprive the commission of the jurisdiction and power to fix interim emergency rates by resort to Section 614-32, General Code. The city insists that rates set by ordinance are governed exclusively by the sections of the Code relating specifically to that subject and that general provisions of the Code defining the powers and duties of the commission are without application.
 

 Finally, the city urges that the “rates” which a utility may elect to charge under the authorization of Section 614-45, General Code, may not properly be classed as “rates” within the purview of Section 614-32, General Code, but are in fact only “charges,” a part of which may have to be refunded if the utility is unsuccessful in its appeals from the rates proclaimed by ordinance.
 

 Opposing such position, the commission and the company point out that, although Section 614-47, General Code, does affect the commission’s jurisdiction when there is a valid ordinance or ordinance contract in operation, that section is without significance where there is no ordinance or ordinance contract in force, as is presently the case between the city and the company; and that while the rates charged by the company under Section 614-45, General Code, are the
 
 *574
 
 same as those established by the ordinance which expired in June of 1944, snch ordinance had in fact expired and the rates thereafter charged do not represent rates under any existing ordinance, hence Section 614-47, General Code, is not relevant in the circumstances.
 

 The commission and the company further represent that, contrary to the claim of the city, Section 614-32, General Code, is in reality a special statute, which enables the commission to intervene when economic conditions are such as to require prompt action either in the interests of the public or of a utility.
 

 After a consideration and analysis of the several statutes involved, we have come to the conclusion that Section 614-47, General Code, .prevails and precludes the commission from exercising jurisdiction where there is a valid and operative ordinance under which a utility is furnishing its products or services to users within a municipality, but that where a utility has appealed to the commission from a rate ordinance unacceptable to such utility, the. rates prescribed by such ordinance are suspended or abated; and that where,, under Section 614-45, General Code, the utility elects to charge the rate which previously existed, it is not charging a rate fixed by any subsisting ordinance, but one which is ordained by statute pending the outcome of an appeal. In such circumstances, therefore, Section 614-47, General Code, does not operate to deny the commission jurisdiction.
 

 Nor do we find any conflict between Sections 614-45 and 614-32, General Code. The former provides for the continuance of a prior rate during appeal proceedings to preserve the
 
 status quo
 
 under ordinary conditions; the latter is a special statute which may be invoked by the commission where-an emergency demands it.- Although Section 614-32, General Code, is
 
 *575
 
 couched in general ternas, the plain import of the language employed is to confer upon the commission extraordinary and special powers in the event it determines that an emergency exists.
 

 Lastly, in our opinion, there exists here a “rate” within the contemplation of Section 614-32, General Code. When the company declined to accept the new rates fixed by the new ordinances, appealed to the commission and elected to charge the former rates as provided by Section 614-45, General Code, the rates so charged became the existing legal rates, for the time being at least, by operation of law. The fact that the company might eventually be required to refund a part of the money thus collected is no'more than a condition subsequent and does not alter the fact that, during the period such rates prescribed oby statute remained in force, they constituted the existing legal rates.
 

 The position now taken by this court is in accord with expressions appearing in the cases of
 
 City of Cincinnati
 
 v.
 
 Public Utilities Commission,
 
 96 Ohio St., 270, 117 N. E., 381, and
 
 City of Akron
 
 v.
 
 Public Utilities Commission,
 
 126 Ohio St., 333, 185 N. E., 415; but is in conflict with the holding in the case of
 
 City of Cleveland
 
 v.
 
 Public Utilities Commission,
 
 126 Ohio St., 91, 183 N. E., 924.
 

 In our view this latter case reads out of the Ohio statutes Section 614-32, General Code, thereby defeating the manifest purpose of the General Assembly to empower the commission to take immediate action to protect the public or a utility as concerns rates for utility products or services when the exigencies of a situation demand it and there is no operative ordinance under which a utility is furnishing its products or services. The case of
 
 City of Cleveland
 
 v.
 
 Public Utilities Commission, supra,
 
 is theiefore overruled.
 

 
 *576
 
 We hold, in the circumstances presented by the instant appeal, that the commission had the jurisdiction and power to make an emergency order establishing interim gas rates in the city of Cincinnati by virtue of Section 614-32, General Code, and that the order so made is neither arbitrary nór unreasonable. Certainly, should the gas rates ultimately fixed for the city of Cincinnati be lower than those set by the emergency order, the gas consumers in that city will be ade-„ quately protected.
 

 Such order is consequently affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Matthias and Hart, JJ., concur.
 

 Turner, Sohngen and Stewart, JJ., not participating.