Ohio Edison Company, Appellant, *v.* Public Utilities Commission of Ohio, Appellee.

(No. 77-425—Decided December 7, 1977.)

Mr. Anthony J. Alexander, Mr. Russell J. Spetrino and Ms. Frances McGovern, for appellant.

Mr. William J. Brown, attorney general, and Mr. Marvin I. Resnik, for appellee.

Per Curiam. Appellant today presents us with the question of whether the Commission was correct in dismissing an otherwise proper appeal made to determine whether a municipality possesses the authority to enact a rate-fixing ordinance, such dismissal being premised upon the finding that the municipality enjoyed no such power.

By its entry of December 29, 1976, the Commission noted that, a complaint having been brought before it, the Commission was authorized to ascertain its jurisdiction in the first instance, and that it was incumbent upon the Commission to determine the validity of Ordinance No. 76-73, from which appellant had appealed. The Commission declared that Ontario when it passed Ordinance No. 76-73 lacked authority to pass ordinances setting rates. The Commission concluded that *because* Ontario lacked such authority, the Commission lacked jurisdiction to proceed in the controversy in question.*

"R. C. 4909.39 authorizes the Public Utilities Commission to fix a rate to be charged by a utility company when ordinance rates are found to be unjust, unreasonable, or insufficient to yield reasonable compensation; * * *." *Forest Hills Util. Co.* v. *Pub. Util. Comm.* (1972), 31 Ohio St. 2d 46, 47; 285 N. E. 2d 702 (paragraph eight of the syllabus).

R. C. 4909.39 provides, in relevant part:

"If the public utilities commission, after the hearing referred to in sections 4909.34 to 4909.36 of the Revised Code, is of the opinion that * * * [a] rate * * * fixed by

---

*The Commission's entry of December 29, 1976, provides in relevant part:

"As the Commission has the authority to determine its jurisdiction in the first instance, and as the Commission has found that the Village of Ontario lacked the authority to pass an ordinance setting rates at the time it passed Ordinance 76-73, the Commission finds that it lacks jurisdiction to proceed in the instant matter."

ordinance is or will be unjust, unreasonable, or insufficient to yield reasonable compensation for the service, the commission shall fix and determine the just and reasonable rate, * * * to be charged, demanded, exacted, or collected * * * during the period so fixed by ordinance, which period shall not be less than two years, and order the rate, price, charge, toll, or rental so fixed substituted for the rate, price, charge, toll, or rental fixed by ordinance.

"* * * If the commission, * * * is of the opinion that any provisions of the ordinance appealed from or complained of other than the rate, price, charge, toll, or rental fixed by such ordinance are or will be unjust or unreasonable * * * the commission shall * * * strike out such unjust or unreasonable provisions, conditions, form, and structure of said ordinance and shall substitute for them, if it deems it necessary, such provisions and conditions as it considers fair and reasonable * * *."

R. C. 4909.39 replaces G. C. 614-46. It was provided by G. C. 614-46 that "[I]f the commission, after * * * [a] hearings, shall be of the opinion that the rate, price, charge, toll or rental, so fixed by ordinance is or will be unjust or unreasonable, or insufficient to yield reasonable compensation for the service, the commission shall, * * * fix and determine the just and reasonable rate, price, charge, toll or rental to be charged, demanded, exacted or collected by such public utility, during the period so fixed by ordinance, which shall not be less than two years, and order the same substituted for the rate, price, charge, toll or rental so fixed by ordinance or the commission may find and declare that the rate, price, charge, toll or rental, so fixed by ordinance, is just and reasonable, and ratify and confirm the same."

G. C. 614-46 was interpreted by this court in *State, ex rel. Brainard, v. McConnaughey* (1940), 137 Ohio St. 431, 30 N. E. 2d 699. Therein, the city of Cleveland repeatedly had passed ordinances regulating and fixing the price and terms upon which natural gas should be furnished within the municipality over successive six-month periods. The East Ohio Gas Company filed appeals from each of these ordinances with the Commission. The municipality filed mo-

tions with the Commission to dismiss these appeals on the ground that the Commission lacked jurisdiction to hear appeals from municipal rate ordinances encompassing terms of less than two years.

In construing the language "which shall not be less than two years," this court explained that it meant merely that a Commission order fixing a rate in substitution for that fixed by ordinance would be effective for not less than two years. The General Assembly had not intended allowing a municipality to escape Commission jurisdiction through passage of successive rate-fixing ordinances covering spans of under two years. The statutory language ordained that should an appeal be prosecuted to the Commission from a rate-making ordinance, and if, upon such appeal, the Commission determined the ordinance rates to be unjust and unreasonable and fixed a rate which it deemed just and reasonable, such rate fixed by the Commission would be effective for not less than two years, notwithstanding the fact that the ordinance fixed a rate for a period of less than two years. *Brainard, supra,* at pages 434-36.

When the Commission, by its order of September 15, 1976, fixed a rate in substitution for that set by Ontario's Ordinance No. 74-56, the order remained effective, pursuant to R. C. 4909.39, until September 15, 1978. The November 4, 1976, attempt of Ontario to set rates obtaining within that two-year interval was without force or effect.

Ontario's rate-fixing ploy lacking force or effect, the Commission on December 29, 1976, was not presented with a valid rate-fixing ordinance. There having been no valid rate-fixing ordinance, Commission dismissal of the case was both within the Commission's jurisdiction, and appropriate.

In view of the foregoing, the order of the Commission being neither unreasonable nor unlawful is affirmed.

*Order affirmed.*

CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

O'NEILL, C. J., and HERBERT, J., dissent.