IN RE COMPLAINT OF RESIDENTS OF STRUTHERS, OHIO, AGAINST ORDINANCE NO. 87-8482 OF THE CITY OF STRUTHERS.

[Cite as In re Complaint of Residents of Struthers (1989), 45 Ohio St. 3d 227.]

(No. 88-1147—Submitted May 30, 1989—Decided September 6, 1989.)

*Breckenridge & McCroom* and *E. Winther McCroom,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, *Robert S. Tongren* and *Thomas C. Nader,* for appellee.

SWEENEY, J. As a preliminary matter, it would appear that the Struthers ordinance is facially unconstitutional under Section 5, Article XVIII of the Ohio Constitution,[1] since

---

[1] Section 5, Article XVIII provides:

"Any municipality proceeding to acquire, construct, own, lease or operate a public utility, or to contract with any person or company therefor, shall act by ordinance and no such ordinance shall take effect until after thirty days from its passage. If within said thirty days a petition signed by ten per centum of the electors of the municipality shall be filed with the executive authority

it was passed as an emergency measure and was effective "immediately." As emergency legislation, the *ordinance appears to conflict with* the thirty-days and referendum provisions of the aforementioned constitutional section. Nevertheless, since this potentially unconstitutional aspect of the ordinance was neither raised nor argued by any party to this action, and since the record does not clearly establish unconstitutionality of the Struthers ordinance, this court will decline to decide such issue. As this court noted in *State, ex rel. Herbert,* v. *Ferguson* (1944), 142 Ohio St. 496, 27 O.O. 415, 52 N.E. 2d 980, paragraph two of the syllabus:

"Constitutional questions will not be decided until the necessity for a decision arises on the record before the court."

Notwithstanding the foregoing, we are faced with the issue in this case of whether the commission's *sua sponte* dismissal of the appellants' complaint was unreasonable or unlawful. Since we believe that the commission was without jurisdiction to review the terms of the ordinance contract between the city of Struthers and Ohio Water Service Company, we answer such issue in the negative, thereby affirming the commission's order of dismissal.

A review of the record indicates that the complaint was filed before the commission pursuant to R.C. 4909.36. This statute provides in pertinent part:

"If any public utility has accepted any rate, price, charge, toll, or rental fixed by ordinance of a municipal corporation or ordinances of a group of municipal corporations, it shall become operative, unless a complaint signed by not less than ten per cent of the qualified electors of such municipal corporation or not less than ten per cent of the qualified electors of each municipal corporation in such group has been filed with the public utilities commission within sixty days after such acceptance. Upon such filing, the commission shall forthwith give notice of the filing and pendency of such complaint to the mayor of such municipal corporation or the mayors of the group of municipal corporations, and fix a time and place for the hearing of such complaint. The commission shall, at such time and place, hear such complaint, and may adjourn the hearing from day to day. * * *"

In dismissing the complaint, the commission found that although it appears that R.C. 4909.36 vests it with jurisdiction to hear the complaint, such apparent jurisdiction was nullified by this court's decision in *Link, supra.*

A review of the factual background of *Link* reveals that it closely resembles the facts of the cause *sub judice.* In *Link,* the city of Cleveland passed an ordinance that was accepted in writing by the Cleveland Electric Illuminating Company. The ordinance established the rates to be charged for steam and hot water service that the utility was to supply the city for a five-year period. A complaint was brought pursuant to G.C. 614-44, the predecessor statute of R.C. 4909.36, by the requisite percentage of electors of the city alleging that the ordinance

---

thereof demanding a referendum on such ordinance it shall not take effect until submitted to the electors and approved by a majority of those voting thereon. The submission of any such question shall be governed by all the provisions of section 8 of this article as to the submission of the question of choosing a charter commission."

was unjust, unfair and unreasonably high. Upon the utility's motion, the commission dismissed the complaint for want of jurisdiction. *Id.* at 336-337, 131 N.E. at 796-797. In affirming the commission's dismissal of the complaint, the *Link* court essentially held, *inter alia,* that the commission could not review a valid contract made by and between a municipality and a utility company for the product or service of the utility company because of certain provisions in the Ohio Constitution.

The *Link* holding was reaffirmed by this court in the syllabus of *Akron* v. *Pub. Util. Comm.* (1933), 126 Ohio St. 333, 185 N.E. 415:

"Where a city, by ordinance regularly passed, fixes a rate whereby a particular public utility will be permitted to market its product to the city for a specified time, and the proffer contained in such ordinance is accepted, in writing, by such public utility, a contract is thereby made between the city and the public utility, and a contract rate is established which the Public Utilities Commission has no power to alter during the term of the contract. (*Link* v. *Public Utilities Commission,* 102 Ohio St., 336, approved and followed.)"

Such holding was explained in the *Akron* case as follows:

"The rights of the parties became vested when the gas company accepted the proffer of the city, and we know of no power delegated, or that could be delegated, to any individual or state agency to in any wise interfere with these vested rights. If the state Legislature undertook to do so, it would be walking squarely in the face of the Constitution of the state." *Id.* at 336-337, 185 N.E. at 416.

In addition, in *Norwalk* v. *Pub. Util. Comm.* (1938), 133 Ohio St. 335, 338, 10 O.O. 498, 499, 13 N.E. 2d 721, 722, this court opined that the rate-setting powers of a municipality are subject only to review (1) by appeal to the commission in the event the public utility does not accept the ordinance, and (2) by the right of referendum existing in the people.

Obviously, the referred-to right of referendum existing in the people is located in Section 5, Article XVIII of the Ohio Constitution, set forth in footnote 1, *supra.*

Since the complaint filed before the commission below is virtually identical to the complaint before the court in *Link, supra,* we are once again compelled to define the state of the law in this area.

First, we firmly reiterate our holding in *Pfau* v. *Cincinnati* (1943), 142 Ohio St. 101, 26 O.O. 284, 50 N.E. 2d 172, that the provisions of Section 4, Article XVIII of the Ohio Constitution[2] are clear, specific and self-executing, and the powers therein enumerated are not subject to statutory restriction.

In addition, we reaffirm our decision in *Link, supra,* and hold that a product and service contract entered into by a municipality with a public

---

[2] Section 4, Article XVIII provides:

"Any municipality may acquire, construct, own, lease and operate within or without its corporate limits, any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service. The acquisition of any such public utility may be by condemnation or otherwise, and a municipality may acquire thereby the use of, or full title to, the property and franchise of any company or person supplying to the municipality or its inhabitants the service or product of any such utility."

utility is valid and binding upon the parties thereto, unless disapproved by the majority of electors voting thereon at a referendum election held pursuant to Section 5, Article XVIII of the Ohio Constitution.

Based on the foregoing precedents, and to eliminate any lingering confusion in this area of law as exhibited by the complaint filed before the commission, we hold that pursuant to Sections 4 and 5, Article XVIII of the Ohio Constitution, R.C. 4909.36 is constitutionally invalid insofar as it permits jurisdictional review by the Public Utilities Commission of Ohio of a valid contract entered into between a public utility and a municipality.

While the statute reviewed in *Link* (G.C. 614-44) has since been amended (*i.e.,* in 1979, the percentage of qualified electors required to bring a complaint was increased, and a provision was added addressing groups of municipalities), the purpose of the legislation embodied in the successor statute, R.C. 4909.36, has not changed. Since the purpose of the statute is to permit the commission to review the terms of a contract between a municipality and a public utility, we hold that such purpose is constitutionally defective.

In this vein, we further find that the commission acted properly in dismissing the complaint filed by appellants by relying on the law enunciated in *Link, supra.* While the statute construed in *Link* was subsequently amended, it is obvious that upon a clear reading of the statute, the subsequent statutory amendments had no bearing on the prior judicial construction accomplished in *Link, supra.* In such situations, we believe that the commission may address the question of whether subsequent legislative amendments have any bearing on a relevant prior court decision. Clearly, such a determination is both necessary and appropriate to enable the commission to decide its own jurisdiction in the first instance. See *State, ex rel. Cleveland Electric Illuminating Co.,* v. *Pub. Util. Comm.* (1962), 173 Ohio St. 450, 20 O.O. 2d 74, 183 N.E. 2d 782; and *Ohio Edison Co.* v. *Pub. Util. Comm.* (1977), 52 Ohio St. 2d 123, 6 O.O. 3d 340, 369 N.E. 2d 1209.

Accordingly, since the commission's order is neither unreasonable nor unlawful, it is hereby affirmed.

*Order affirmed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurring. Since the ordinance in question is clearly in violation of Section 5, Article XVIII of the Ohio Constitution, I would be inclined to dissent. However, appellants have not raised the issue and, therefore, it need not be confronted. Accordingly, I concur with Justice Sweeney's well-reasoned opinion.

WRIGHT, J., concurs in the foregoing concurring opinion.